J-S48012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COLLEEN M. BAUER, AS EXECUTRIX FOR THE ESTATE OF IRENE C. KARLOWICZ, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC UNIONTOWN, LP D/B/A GOLDEN LIVING CENTER-UNIONTOWN; GPH UNIONTOWN, LP; GGNSC UNIONTOWN GP, LLC; GGNSC HOLDINGS, LLC; GGNSC EQUITY HOLDINGS, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC; GGNSC CLINICAL SERVICES, LLC; GOLDEN GATE ANCILLARY, LLC; JOYCE HOCH, NHA; AND DENISE CURRY, RVP, | |
| Appellants | No. 1252 WDA 2015 |

Appeal from the Order Entered July 30, 2015
In the Court of Common Pleas of Fayette County
Civil Division at No(s): 2473 OF 2014 GD

BEFORE: BOWES, DUBOW AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J:                    **FILED NOVEMBER 07, 2016**

Golden Gate National Senior Care, LLC, GGNSC Uniontown, LP d/b/a

Golden Living Center-Uniontown, GPH Uniontown, LP, GGNSC Uniontown GP,

LLC; GGNSC Holdings, LLC, GGNSC Equity Holdings, LLC, GGNSC

Administrative Services, LLC, GGNSC Clinical Services, LLC, Golden Cate

Ancillary, LLC, Joyce Hoch, NHA, and Denise Curry, RVP (collectively "Golden

Gate") appeal from the July 30, 2015 order overruling their preliminary objections seeking to compel arbitration. We reverse the order based on the Supreme Court's recent decision in *Taylor v. Extendicare Health Facilities, Inc.*, 2016 Pa. LEXIS 2166 (Pa. September 28, 2016), and remand to permit the parties to engage in discovery necessary to enable the trial court to determine the validity and enforceability of the alternative dispute resolution ("ADR") Agreement.

Appellee Colleen M. Bauer ("Executrix") commenced this wrongful death and survival action against Golden Gate by writ of summons on December 1, 2014. She subsequently filed a complaint seeking both compensatory and punitive damages for the injuries and death of Irene C. Karlowicz ("Decedent"). Golden Gate filed preliminary objections challenging, *inter alia*, the court's subject matter jurisdiction and seeking to transfer the case to arbitration pursuant to an arbitration agreement ("Agreement") signed by Decedent when she was admitted to the facility.[1] Executrix filed a response in opposition in which she maintained that the Agreement was unenforceable and/or unconscionable under state contract law principles. Specifically, she alleged that the Decedent lacked the legal

---

[1] On July 30, 2015, at the hearing on preliminary objections, Golden Gate withdrew all preliminary objections except those related to arbitration, reserving the right to present them later as motions *in limine* or summary judgment.

capacity to act when she signed the agreement; that she did so unknowingly and involuntarily; that it was not binding on wrongful death claimants; that it was void a) as against public policy, b) lacked consideration, c) was procured by fraud, d) was signed under duress, e) was the product of undue influence, and numerous other contract defenses.

Shortly thereafter, this Court decided *Taylor v. Extendicare Health Facilities, Inc.*, 113 A.3d 317 (Pa.Super. 2015).  The trial court herein applied *Pisano v. Extendicare*, 77 A.3d 651 (Pa.Super. 2013), and held that wrongful death beneficiaries were not bound by Decedent's agreement to arbitrate.  Then, acknowledging the potential for inconsistent liability and duplicative damages determinations if the survival action was severed and sent to arbitration, the court applied *Taylor*, overruled the preliminary objections, and held that the wrongful death and survival actions had to be consolidated in court.  Golden Gate timely appealed and presents two issues for our review:

1. Whether the trial court erred by refusing to sever Appellee's survival action from her wrongful death action and compel arbitration of Appellee's survival action?

2. Whether the trial court erred by refusing to compel all of Plaintiff's claims against Appellants to arbitration?

Appellants' brief at 4.

Appellants' first issue is a challenge to this Court's holding in *Taylor v. Extendicare Health Facilities, Inc*, 113 A.3d 317 (Pa.Super. 2015),

- 3 -

*allowance of appeal granted* 122 A.3d 1036 (Pa. 2015), *rev'd* 2016 Pa.LEXIS 2166 (Pa. 2016), that the Federal Arbitration Act ("FAA") does not pre-empt Pa.R.C.P. 213(e) and 42 Pa.C.S. § 8301, and that under Pennsylvania law, wrongful death and survival actions must be consolidated for trial. On September 28, 2016, our Supreme Court agreed with the position advocated by Golden Gate herein, finding Rule 213(e) pre-empted by the FAA. Consequently, the FAA controls and supersedes the state requirement that the two actions be consolidated, opening the door to bifurcation and resolution in two different forums. However, the ***Taylor*** Court stopped short of transferring the survival action to arbitration, recognizing that the plaintiffs had not had the opportunity to challenge the validity and enforceability of the arbitration agreement in accord with generally applicable contract defenses and the FAA's savings clause.[2] Hence, our High

_____

[2] Section 2 of the FAA provides:

> **§ 2. Validity, irrevocability, and enforcement of agreements to arbitrate**
>
> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, **save upon such grounds as exist at law or in equity for the revocation of any contract.**

*(Footnote Continued Next Page)*

Court in **Taylor** remanded the matter to the trial court for the resolution of these issues prior to determining if arbitration of the survival claim was mandated.

The instant case is in precisely the same procedural posture as **Taylor**. As outlined above, Executrix alleged that the ADR Agreement was "unenforceable, void, unconscionable, and/or a contract of adhesion." Plaintiff's Response in Opposition to Defendants' Preliminary Objections Raising Questions of Fact, 3/13/15, at 4 ¶¶21-23.[3] She also raised the unenforceability of the clause on the above-enumerated contractual grounds. As in **Taylor**, Executrix did not have the opportunity to offer proof of these defenses and the trial court did not rule on their viability. Accordingly, we must remand to the trial court for the same inquiry mandated by the Supreme Court in **Taylor**: whether, under the FAA's savings clause and generally applicable contract defenses, the ADR Agreement at issue is valid and enforceable.

_(Footnote Continued)_ ————————

9 U.S.C.A. § 2 (emphasis added).

[3] We note that the Centers for Medicare and Medicaid Services ("CMS") issued a final rule effective November 28, 2016, prohibiting facilities that receive Medicare and Medicaid funding from using pre-dispute binding arbitration agreements. Such facilities must not enter into an agreement for binding arbitration with a resident or his or her representative until after a dispute arises between the parties. 42 CFR § 483.70.

We turn to Golden Gate's second issue, which was not present in **Taylor**. Golden Gate contends that **Pisano** created a categorical prohibition of arbitration of wrongful death claims, and hence, that it is pre-empted by the FAA. This issue is waived. Although **Pisano** had been decided on August 13, 2013, and the Supreme Court of Pennsylvania denied allowance of appeal on February 25, 2014, which was duly noted by Golden Gate in its brief in support of its preliminary objections in this case, Golden Gate did not argue below that **Pisano** was pre-empted by the FAA.[4] **See also** N.T. Oral Argument, 7/28/15, at 5. In fact, Golden Gate acknowledged the holding in **Pisano** and argued that, "[a]t a minimum, the Court must direct that any survival claims be arbitrated, as the **Pisano** decision did not preclude the same and severance is required by the Federal Arbitration Act." Brief in Support of Preliminary Objections to Plaintiff's Complaint, 2/25/15, at 8 n.2. The trial court overruled the preliminary objections based upon this Court's decision in **Taylor**.

In its concise statement of errors complained of on appeal, although Golden Gate charged generally that the trial court erred in refusing to transfer the claims to arbitration, or at least to sever the survival action from the wrongful death action and transfer it to arbitration in light of **Pisano**, it

---

[4] Such an argument, had it been articulated in the lower court, offered a basis for avoiding the then-binding effect of our decision in **Taylor v. Extendicare Health Services, Inc.**, 113 A.3d 317 (Pa.Super. 2015).

did not challenge **Pisano** on the basis that its holding was pre-empted by the FAA.[5]

Thus, the preemption issue *vis-à-vis* **Pisano** is waived on two grounds: Golden Gate did not raise it below, **see** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."), and it did not identify this position as error in its Pa.R.A.P. 1925(b) concise statement. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Order reversed; case remanded to the trial court for further proceedings consistent with our Supreme Court's recent decision in **Taylor** and this memorandum opinion.

Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2016

---

[5] Golden Gate expressly reserved the right to challenge on appeal this Court's decision in **Taylor v. Extendicare Health Facilities, Inc.**, 113 A.3d 317 (Pa.Super. 2015). **See** Concise Statement of Errors Complained of on Appeal, 9/8/15, at 1 n.1. No reservation was made as to our decision in **Pisano v. Extendicare**, 77 A.3d 651 (Pa.Super. 2013).